UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| TETRA TECH CONSTRUCTION, INC., | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14-cv-00298-GZS |
| SUMMIT NATURAL GAS OF MAINE, INC., | ) ) ) ) | |
| Defendant | ) | |

# RECOMMENDED DECISION

In this action, Plaintiff Tetra Tech Construction alleges that Defendant Summit Natural Gas of Maine failed to make certain payments under the terms of the parties' construction contract. As part of its response to Plaintiff's complaint, Defendant asserted a counterclaim by which Defendant alleges a claim for breach of warranties (Count III). The matter is before the Court on Plaintiff's Motion to Dismiss Counterclaim Count III—Breach of Warranties (Motion to Dismiss, ECF No. 14).[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court deny the motion.

## BACKGROUND FACTS

The facts set forth below are drawn from Defendant's counterclaim, which facts are deemed true when evaluating the motion to dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). Courts can also consider documents which are not disputed by the

---

[1] The Court referred the motion for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

parties, public records, documents central to the parties' dispute, and documents sufficiently referred to in the complaint. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

On or about May 28, 2013, Defendant and Plaintiff entered into a construction contract (the "Contract") for the installation of high-density polyethylene natural gas pipeline and the installation of natural gas service lines in and around the Kennebec Valley as part of Defendant's Kennebec Valley Pipeline Project (the "Project"). (Counterclaim, ECF No. 11, ¶ 5.) Plaintiff warranted that its workmanship and materials would be free from defects (*Id.* ¶ 6, citing Contract, Article III(1)(e)(i).), that it would perform the work in a "good and workmanlike manner" (*Id.* ¶ 23.), and that its workmanship would be free of defects. (*Id.* ¶ 24.)

Plaintiff further represented:

> for the period set forth in Article V(1)(c) herein, that all Work will be of good quality, free from faults and defects and in conformance with the Contract. All Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective.

(*Id.* ¶ 7, citing Contract, Article V(1)(a).)

According to Defendant, certain portions of Plaintiff's workmanship and the materials supplied were defective, and did not comply with the Contract, including the applicable plans, specifications and industry standards. (*Id.* ¶ 8.) Defendant maintains that as the result of Plaintiff's breach of its representations and warranties, Defendant sustained substantial damages. (*Id.* ¶¶ 25-26.) Defendant asserts that all of the conditions precedent to this action have been satisfied. (*Id.* ¶ 27.)

The material warranty provisions are found in Articles III and V of the Contract. The relevant Articles provide:

ARTICLE III

CONTRACTOR REPRESENTATIONS AND WARRANTIES

1. Contractor's Representations and Warranties
a) Review of Field Conditions and Contract by Contractor.

i) Contractor represents that prior to the execution of this Contract it has carefully investigated and evaluated the requirements for the Project and Work…

ii) Contractor confirms that it has no knowledge of any discrepancies, errors, omissions, ambiguities or conflicts in the Contract…

iii) Any identified errors, omissions or inconsistencies reported by Contractor to SNG-ME pursuant to paragraph b above shall be taken under advisement…. If Contractor fails to give notice and proceeds with Work prior to receiving SNG-ME's response, it shall correct any error, inconsistency, or omission at no additional cost to SNG-ME. If Contractor performs construction despite the existence of an error, inconsistency or omission in the Contract that Contractor recognized or reasonably should have recognized, Contractor shall assume responsibility for such performance and bear the full cost for correction.

b) *Contractor represents that it shall perform all Work with due diligence, in a good and workmanlike manner*, and in accordance with the Contract, the Construction Work Order, Specifications, laws, regulations, requirements, codes (government and industry) and standards (government and industry), including …. The Work shall be subject to the Final Completion requirements of SNG-ME as provided in the Contract.

c) ….

d) *Contractor represents and warrants that Contractor and its Subcontractors are qualified*; that no worker shall be under the influence of alcohol, illegal drugs or prescription drugs that impair his or her ability to perform the Work; and that workers shall be competent, properly trained and have all necessary skills, certifications, tools, and training to perform the Work in accordance with the Contract.

e) *Upon the Final Completion and approval of the Work by SNG-ME*, Contractor represents and warrants:

i. That its workmanship and materials are free of defects. If requested by SNG-ME, Contractor shall include operating manuals, supplies, and spare parts as set forth in the Construction Work Order.

ii. Contractor represents and warrants that all equipment shall meet the Contract requirements, Technical Specifications and be in good working condition.

****

## ARTICLE V

## WARRANTY AND CORRECTION OF DEFECTIVE WORK

1. <u>Warranty</u>
a) *Contractor warrants to SNG-ME for the period set forth in Article V(1)(c) herein*, that all Work will be of good quality, free from faults and defects and in conformance with the Contract. All Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective.

b) ….

c) *For a period of two (2) years after the date of Final Completion of the Work or by the terms of any applicable warranty required by the Contract ("Warranty Period")*, Contractor shall undertake all corrective work and repairs deemed necessary and appropriate in the judgment of SNG-ME arising from or related to Defective Work.

d) Should SNG-ME notify Contractor in writing that a defect or defects exist, and that the defect or defects require repair or replacement, the Warranty Period with respect to such Defective Work and retention of Contractor's Retainage shall be automatically extended so as [sic] long as the defect or defects remain un-remedied.

****

## ARTICLE VII

## CONTRACTOR RATES, PAYMENT AND COMPLETION OF WORK

****

9. Final Completion and Final Payment

a) Upon notice by Contractor that the Work is ready for final inspection and upon receipt of a final invoice, SNG-ME will make an inspection of Contractor's Work as soon as reasonably possible. If SNG-ME finds the completion of Contractor's Work acceptable and in accordance with the Contract, SNG-ME will (i) provide written acknowledgement of final completion, and (ii) process

> a Final Payment including any Retainage that may be released in accordance with the terms and conditions contained herein ("Final Completion").
> ….
> f) *Warranties required by the Contract shall commence on the date that SNG-ME issues a Final Payment to Contractor*.

(Summit Natural Gas Construction Contract, Kennebec Valley Pipeline Project, ECF No. 14-1 (emphasis added).)

## DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, courts must "assume the truth of all well-plead facts and give the [claimant] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, the claimant must establish that the allegations raise a plausible basis for a fact finder to conclude that the other party is legally responsible for the claim at issue. *Id.*

### B. Analysis

Plaintiff argues that because its warranty obligations only arise upon "Final Completion," and because Defendant has not declared Final Completion of Plaintiff's work, Plaintiff is entitled to dismissal of Defendant's breach of warranty counterclaim (Count III). (Motion to Dismiss at 3.) That is, according to Plaintiff, "warranties are not yet in force and … not capable of being breached." (*Id.* at 5.)

Plaintiff's argument is unpersuasive. First, a plain reading of the Contract suggests that some of the warranties (e.g., Article III(1)(b) and III(1)(d)), might not be contingent on the Final

Completion of Plaintiff's work under the Contract. In addition, to the extent that warranties are contingent on the declaration of the Final Completion, Defendant contends in part that it has not declared a Final Completion because Plaintiff has breached the terms of the Contract. In essence, Defendant argues that Plaintiff is estopped from insisting on the declaration of a Final Completion as a prerequisite to the applicability of certain warranties. *See Ne. Drilling, Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 40 (1st Cir. 2001) (describing "the so-called prevention doctrine," whereby "a contractual condition precedent is deemed excused when a promisor hinders or precludes fulfillment of a condition and that hindrance or preclusion contributes materially to the nonoccurrence of the condition"); Restatement (Second) § 225(1) (1981) ("Performance of a duty subject to a condition cannot become due unless the condition occurs *or its non-occurrence is excused*.") (emphasis added); Restatement (Second) § 245 (1981) ("Where a party's breach by non-performance contributes materially to the non-occurrence of a condition of one of his duties, the non-occurrence is excused."). In order to determine whether the non-occurrence of the declaration of Final Completion relieves Plaintiff of any warranty duties described as commencing upon Final Completion, a factual record is necessary. Plaintiff, therefore, is not entitled to dismissal of Count III of the counterclaim at this stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's Motion to Dismiss Counterclaim Count III.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before

the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of January, 2015.